IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



TORIAN GAITHER,

    Petitioner,

v.                                       Civil Action No. **3:16CV64**

DAVID ZOOK,

    Respondent.

## AMENDED REPORT AND RECOMMENDATION

Torian Gaither, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons that follow, it is RECOMMENDED that the § 2254 Petition be DENIED.

**A.    Procedural History and Gaither's Claim**

Gaither was convicted in the Circuit Court of the City of Hampton, Virginia, of first degree murder, burglary, conspire to rob, conspire to commit burglary, and robbery. *Commonwealth v. Gaither*, Nos. 11–321–00 through 11–321–04, at 1–2 (Va. Cir. Ct. Jan. 12, 2012). On January 12, 2012, the Circuit Court entered final judgment and sentenced Gaither to an active sentence of life imprisonment plus thirty years. *Id.* at 2–3.

Gaither appealed his convictions. On October 1, 2012, the Court of Appeals for Virginia denied Gaither's petition for appeal. *Gaither v. Commonwealth*, No. 0147–12–1, at 1 (Va. Ct. App. Oct. 1, 2012). On June 21, 2013, the Supreme Court of Virginia granted Gaither's motion for delayed appeal. *Gaither v. Commonwealth*, No. 0147–12–1, at 1 (Va. June 21, 2013). Gaither, through counsel, raised the following assignments of error:

> 1. [The] Court erred in denying the motion to strike on evidence sufficient to find that the Appellant had committed the crimes charged in the Indictments?
> 2. The Court erred in applying the sentencing Guidelines in the Appellant's Pre-Sentence Report [to] improperly reflect a higher range due to conduct that occurred after the indicted conduct but was sentenced first and would have required a written explanation by the Court when deviating from the range?
> 3. Appellant's Due Process rights violated by § 18.2-298.01(F) which does not permit Appellate review of Sentencing Guidelines issues?

Petition for Appeal at 11, *Gaither v. Commonwealth*, No. 140016 (Va. filed Jan. 2, 2014). On July 25, 2014, the Supreme Court of Virginia dismissed Gaither's petition for appeal with respect to the first and third assignments of error because they "fail[ed] to comply with the requirements of Rule 5:17(c)(1)(iii),[1] as these assignments of error d[id] not address the Court of Appeals['] ruling in *Torian Marquise Gaither v. Commonwealth of Virginia*, Court of Appeals No. 0147–12–1." *Gaither v. Commonwealth*, No. 140016, at 1 (Va. July 25, 2014). The Supreme Court of Virginia refused Gaither's petition for appeal with respect to the second assignment of error. *Id.*

On January 23, 2014, while his appeal to the Supreme Court of Virginia was still pending, Gaither filed a Motion to Vacate Void Judgment with the Circuit Court. Motion to Vacate Void Judgment at 16, *Commonwealth v. Gaither*, Nos. 11–321–00 through 11–321–04 (Va. Cir. Ct. filed Jan. 23, 2014). On November 13, 2014, the Circuit Court denied Gaither's

---

[1] The rule provides:

> Insufficient Assignments of Error. An assignment of error that does not address the findings or rulings in the trial court or other tribunal from which an appeal is taken, or which merely states that the judgment or award is contrary to the law and the evidence, is not sufficient. An assignment of error in an appeal from the Court of Appeals to the Supreme Court which recites that "the trial court erred" and specifies the errors in the trial court, will be sufficient so long as the Court of Appeals ruled upon the specific merits of the alleged trial court error and the error assigned in this Court is identical to that assigned in the Court of Appeals. If the assignments of error are insufficient, the petition for appeal shall be dismissed.

Va. Sup. Ct. R. 5:17(c)(1)(iii).

Motion to Vacate Void Judgment. *Commonwealth v. Gaither*, Nos. 11-321-00 through 11-321-04, at 1 (Va. Cir. Ct. Nov. 13, 2014). Gaither noted an appeal with the Circuit Court. Notice of Appeal at 1, *Commonwealth v. Gaither*, Nos. 11-321-00 through 11-321-04 (Va. Cir. Ct. filed Nov. 25, 2014). As of April 5, 2015, Gaither was inquiring about the status of his appeal. Letter at 1, *Commonwealth v. Gaither*, Nos. 11-321-00 through 11-321-04 (Va. Cir. Ct. filed Apr. 10, 2015). The record is devoid of any further information about the outcome of that appeal.

On October 7, 2015, Gaither filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Gaither v. Zook*, No. 151522 (Va. filed Oct. 7, 2015). In his state habeas petition, Gaither raised one claim for relief: that he was unable to pursue two of his assignments of error on direct appeal because of appellate counsel's ineffective assistance. Petition for Writ of Habeas Corpus Attach., *Gaither v. Zook*, No. 151522 (Va. filed Oct. 7, 2015). On December 2, 2015, the Supreme Court of Virginia dismissed Gaither's petition as untimely filed under Virginia Code § 8.01-654(A)(2). *Gaither v. Zook*, No. 151522, at 1 (Va. Dec. 2, 2015). The Supreme Court of Virginia denied Gaither's petition for rehearing on March 24, 2016. *Gaither v. Zook*, No. 151522, at 1 (Va. Mar. 24, 2016).

Gaither asserts that he placed his § 2254 Petition in the prison mailing system for mailing to this Court on December 6, 2015. (§ 2254 Pet. 14.)[2] The Court finds Gaither's assertion to be incredible, as the envelope in which Gaither mailed his § 2254 Petition is postmarked January 20, 2016. (ECF No. 1-1, at 1.) The Court believes that Gaither mailed his § 2254 Petition in January 2016. Nevertheless, the Court utilizes December 6, 2015 as the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2254 Petition, Gaither asserts the following claim for relief:

---

[2] The Court utilizes the pagination assigned to Gaither's § 2254 Petition by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in quotations from Gaither's § 2254 Petition.

3

> Claim One: Because of appellate counsel's ineffective assistance, Gaither was unable to pursue two of his assignments of error in his appeal to the Supreme Court of Virginia. (§ 2254 Pet. 15–16.)

On June 17, 2016, Respondent moved to dismiss on the grounds that Gaither's claim lacks merit, that his § 2254 Petition is barred by the one-year statute of limitations governing federal habeas petitions,[3] and that his claim is defaulted. (Br. Supp. Mot. Dismiss 2–7, ECF No. 16.) Despite Respondent providing *Roseboro*[4] notice, Gaither has not responded. As explained below, it is RECOMMENDED that Gaither's claim BE DISMISSED as procedurally defaulted and, in the alternative, as lacking in merit.

**B.  Analysis**

    **1.  Exhaustion and Procedural Default**

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D.

---

[3] Respondent argues that Gaither's § 2254 Petition is time-barred because it was filed at least 43 days after the one-year limitation period expired. (Br. Supp. Mot. Dismiss 3.) Respondent further contends that Gaither is not entitled to statutory tolling for the period of time during which his state habeas petition was pending in the Supreme Court of Virginia because it was dismissed as untimely filed pursuant to Virginia Code § 8.01-654(A)(2). (*Id.*) As the Court has noted, however, Gaither filed a Motion to Vacate Void Judgment in the Circuit Court on January 23, 2014. The Circuit Court denied the Motion on November 13, 2014, and Gaither appealed. As of April 5, 2015, Gaither was inquiring about the status of his appeal. The record contains no indication of if or when the state court ruled on that appeal. Respondent has not acknowledged or discussed the impact of the Motion to Vacate Void Judgment on the running of the statute of limitations. *See Wall v. Kholi*, 562 U.S. 545, 553, 556 (2011) (defining collateral review of a judgment to mean "judicial reexamination of a judgment or claim in a proceeding outside of the direct review process" and applying that definition to conclude that a motion to reduce sentence filed under Rule 35 of the Rhode Island Rules of Criminal Procedure was "an application for 'collateral review' that triggers AEDPA's tolling provision"). Furthermore, the absence of any indication in the record as to when or if the state court ruled on his appeal inhibits the ability of Court to evaluate Respondent's assertion that the statute of limitations bars Gaither's § 2254 Petition. In light of these omissions, the Court declines to find that Gaither's § 2254 Petition is barred by the federal limitation period.

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a

state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[5] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, the Supreme Court of Virginia found that Gaither's claim was untimely under section 8.01–654(A)(2) of the Virginia Code. *Gaither v. Zook*, No. 151522, at 1 (Va. Dec. 2, 2015). Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when so applied. *See George v. Angelone*, 100 F.3d 353, 363–64 (4th Cir. 1996); *Sparrow v. Dir. Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Gaither offers no suggestion of cause and prejudice or actual innocence to excuse his default. Thus, his claim is barred from review here.

Nevertheless, Respondent acknowledges that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), may potentially apply here and serve as cause for the default of Gaither's claim, because Gaither had no counsel at his "initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1320. Respondent contends that because Gaither's "only

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).

claim alleges ineffective assistance of *appellate* counsel, he may not rely on" *Martinez* to excuse his default. (Br. Supp. Mot. Dismiss 6.) The majority of federal circuit courts have found that the explicit language of *Martinez* apples to a prisoner's default of a claim of ineffective assistance of trial counsel only. *See Reed v. Stephens*, 739 F.3d 753, 778 n.16 (5th Cir. 2014) (citations omitted) ("To the extent [appellant] suggests that his ineffective-assistance-of-appellate-counsel claims also should be considered under *Martinez*, we decline to do so."); *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (citations omitted) (finding that *Martinez* only applies in "limited circumstances involv[ing] a claim that *trial counsel* was constitutionally ineffective"), *cert. denied sub nom. Dansby v. Kelley*, 136 S. Ct. 297 (2015); *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) ("Under *Martinez*'s unambiguous holding our previous understanding of *Coleman* in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel."); *Gore v. Crews*, 720 F.3d 811, 816 (11th Cir. 2013) ("By its own emphatic terms, the Supreme Court's decision in *Martinez* is limited to claims of ineffective assistance of trial counsel that are otherwise procedurally barred due to the ineffective assistance of post-conviction counsel."); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) ("*Martinez* applies only to 'a prisoner's procedural default of a claim of ineffective assistance at *trial*,' not to claims of deficient performance by appellate counsel." (quoting *Martinez*, 132 S. Ct. at 1315)); *cf. Johnson v. Warden of Broad River Corr. Inst.*, No. 12-7270, 2013 WL 856731, at *1 (4th Cir. Mar. 8, 2013) ("[B]ecause [Appellant] alleges only ineffective assistance of *appellate* postconviction counsel, his allegations do not constitute cause for his failure to exhaust under the limited exception in *Martinez*."). *But see Nguyen v. Curry*, 736 F.3d 1287, 1293–96 (9th Cir. 2013) (concluding that *Martinez* is not limited to claims of ineffective assistance of trial counsel). The Court agrees with the majority of the circuits that have found that *Martinez* fails to

7

excuse Gaither's default of his ineffective assistance of appellate counsel claim. Accordingly, it is RECOMMENDED that Claim One be DISMISSED as procedurally defaulted. Moreover, in the alternative, the Court also finds his claim is readily dismissed for lack of merit. *See infra* Part B.2.

### 2. Ineffective Assistance of Appellate Counsel

In his sole claim for relief, Gaither contends that he was denied his right to appeal his convictions to the Supreme Court of Virginia because of appellate counsel's ineffective assistance. (§ 2254 Pet. 15–16.)

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no

8

obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

With respect to appellate counsel's performance, Gaither claims, in sum:

> Gaither's appellate counsel appealed his conviction to the Court of Appeals of Virginia. That court refused the petition (Record No. 0147-12-1). Thereafter, Gaither's appellate counsel filed his second-tier petition for appeal in the Supreme Court of Virginia. On July 25, 2014, the Supreme Court dismissed the appeal for non-compliance with Rule 5:17(c)(1)(iii) as it pertains to assignments of errors Nos. 1 and 3, for failure to address the Court of Appeals ruling in *Torian M. Gaither v. Commonwealth of Virginia*, from which the appeal was sought. (Record No. 140016)
> For reasons not fairly chargeable to Gaither, he has been denied his right to file his second-tier appeal in the Supreme Court of Virginia. In the interest of justice, therefore, leave should be granted to Petitioner to file a delayed appeal in the Supreme Court of Virginia that complies with Rule 5:17(c)(1)(iii). *See Dodson v. Dir. of Dep't of Corrections*, 233 Va. 303, 355 S.E.2d 573 (1987)

(§ 2254 Pet. 15–16 (emphasis added).)

As an initial matter, the record belies Gaither's claim that he was completely denied his right to appeal to the Supreme Court of Virginia. On June 21, 2013, the Supreme Court of Virginia granted Gaither's motion for delayed appeal. *Gaither v. Commonwealth*, No. 0147-12-1, at 1 (Va. June 21, 2013). While the Supreme Court of Virginia dismissed Gaither's appeal with respect to his first and third assignments of error, it considered and refused his appeal with respect to the second. *Gaither v. Commonwealth*, No. 140016, at 1 (Va. July 25, 2014).

9

Furthermore, Gaither's conclusory allegations regarding appellate counsel's performance, without any factual support, fail to establish any deficiency of counsel or resulting prejudice. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of a habeas petition appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Gaither has failed to demonstrate that he would have prevailed on his first and third assignments of error had they been properly presented to the Supreme Court of Virginia. Moreover, Gaither fails to identify any claim that would have had a reasonable probability of success on appeal. Because Gaither has demonstrated neither deficiency of appellate counsel nor resulting prejudice, it is RECOMMENDED that Claim One be DISMISSED.

### C. Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court GRANT Respondent's Motion to Dismiss (ECF No. 14) and DISMISS Gaither's claim. It is further RECOMMENDED that Gaither's § 2254 Petition (ECF No. 1) be DENIED and the action be DISMISSED.

Gaither is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Ci. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of the Amended Report and Recommendation to Gaither and counsel of record.

/s/
Roderick C. Young
United States Magistrate Judge

Date: January 18, 2017
Richmond, Virginia