IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
MAY - 3 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**TORIAN GAITHER,**

Petitioner,

v.  Civil Action No. **3:16CV64**

**DAVID ZOOK,**

Respondent.

## MEMORANDUM OPINION

Torian Gaither, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of the City of Hampton, Virginia ("Circuit Court"). On December 1, 2016, the Magistrate Judge issued a Report and Recommendation that recommended dismissing Gaither's § 2254 Petition as procedurally defaulted and, in the alternative, as lacking in merit. (ECF No. 18.) Gaither filed objections. (ECF No. 19.) On January 18, 2017, the Magistrate Judge issued an Amended Report and Recommendation that corrected an inconsistency in the Report and Recommendation. (*See* ECF No. 21.) The Court explained that "in the original Report and Recommendation, the Court declined to decide whether Gaither had established cause to excuse his default." (ECF No. 20, at 1 n.1.) The Court further noted: "Although not raised by Gaither, the Court now issues an Amended Report and Recommendation that conclusively addresses any cause[] to excuse Petitioner's procedural default and recommends that Petitioner's claim be dismissed as procedurally defaulted, and in the alternative, as lacking in merit." (*Id.* at 1.) The Court advised Gaither that he could file objections within fourteen (14) days after the entry of the Amended Report and Recommendation. (ECF No. 21, at 10.) Gaither did not respond to the Amended Report and Recommendation. Accordingly, by Memorandum Opinion and Order

entered on February 10, 2017, the Court overruled Gaither's objection to the original Report and Recommendation, accepted and adopted the Amended Report and Recommendation, and dismissed the action. (ECF Nos. 22, 23.)

On February 10, 2017, the same day that the Court dismissed the action, the Court received Gaither's objections to the Amended Report and Recommendation ("Objections," ECF No. 24). On March 9, 2017, the Court received Gaither's Notice of Appeal. (ECF No. 25.) While Gaither has not sought reconsideration of the Court's February 10, 2017 Memorandum Opinion, the Court treats Gaither's Objections, in part, as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motion (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

## I. RULE 59(e)

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Gaither's Objections indicate that he placed them in the prison mail system for mailing to this Court on January 31, 2017, within the fourteen-day period allowed to file objections. (ECF No. 24, at 8.) The Court deems the Objections filed on this date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Here, the Court's consideration of Gaither's timely-filed Objections would prevent manifest injustice. *Hutchinson*, 994 F.2d at 1081. Accordingly, the Court will GRANT Rule 59(e) relief to Gaither

2

to the extent it will review his Objections and conduct a *de novo* review of those portions of the Report and Recommendation to which Gaither objects. Nevertheless, as discussed below, Gaither's Objections fail to alter the conclusion that Gaither's § 2254 Petition is procedurally defaulted and lacks merit. The Court will OVERRULE Gaither's Objections.

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

## III. GAITHER'S OBJECTIONS

In his first objection, Gaither suggests that he "has not . . . procedurally defaulted his claims" because "there is a miscalculation of the Virginia habeas statute of limitations and the interest of justice would be better served by addressing the merits of Gaither's § 2254 Petition." (Objs. 5.)[1] Gaither believes that the Supreme Court of Virginia improperly dismissed his petition as untimely filed under Virginia Code § 8.01–654(A)(2). (*Id.* at 4.) In the Amended Report and Recommendation, the Magistrate Judge explained the following:

> State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement

---

[1] The Court corrects the capitalization in the quotations from Gaither's Objections.

3

is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1).[2] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or his actual innocence, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

Here, the Supreme Court of Virginia found that Gaither's claim was untimely under section 8.01–654(A)(2) of the Virginia Code. *Gaither v. Zook*,

---

[2] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)).

4

No. 151522, at 1 (Va. Dec. 2, 2015). Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when so applied. *See George v. Angelone*, 100 F.3d 353, 363–64 (4th Cir. 1996); *Sparrow v. Dir. Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Gaither offers no suggestion of cause and prejudice or actual innocence to excuse his default. Thus, his claim is barred from review here.

(Amended Report and Recommendation 4–6 (second alteration added).)

Although Gaither disagrees with the Supreme Court of Virginia's application of the state statute of limitations to his habeas petition, Gaither identifies no error in the Magistrate Judge's conclusion that "Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule," that will bar this Court's review of a claim.[3] (Amended Report and Recommendation 6 (citations omitted).) Accordingly, Gaither's first objection is OVERRULED.

In his second objection, Gaither objects to the Magistrate Judge's conclusion that Gaither failed to demonstrate that appellate counsel rendered ineffective assistance. (Objs. 5–7.)[4] In the Amended Report and Recommendation, the Magistrate Judge explained:

---

[3] To the extent that Gaither wishes this Court to review whether the Supreme Court of Virginia erred in applying state law, any alleged error of the Supreme Court of Virginia provides no basis for federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing cases for the proposition that "federal habeas corpus relief does not lie for errors of state law"). Moreover, section 8.01–654(A)(2) of the Virginia Code requires that a state habeas petition "shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01–654(A)(2) (West 2017). The Supreme Court of Virginia dismissed his direct appeal on July 25, 2014. (*See* Mem. Op. 2, ECF No. 22); *Gaither v. Commonwealth*, No. 140016, at 1 (Va. July 25, 2014). Gaither filed his state habeas petition on October 7, 2015, more than one year from the conclusion of his direct appeal. (*See* Mem. Op. at 3.) Thus, the Court discerns no error with the state court's conclusion that Gaither's state habeas petition was untimely.

[4] Gaither's sole claim in his § 2254 Petition is as follows: "Claim One: Because of appellate counsel's ineffective assistance, Gaither was unable to pursue two of his assignments of error in his appeal to the Supreme Court of Virginia." (§ 2254 Pet. 15–16.)

5

In his sole claim for relief, Gaither contends that he was denied his right to appeal his convictions to the Supreme Court of Virginia because of appellate counsel's ineffective assistance. (§ 2254 Pet. 15–16.)

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

With respect to appellate counsel's performance, Gaither claims, in sum:

> Gaither's appellate counsel appealed his conviction to the Court of Appeals of Virginia. That court refused the petition (Record No. 0147-12-1). Thereafter, Gaither's appellate counsel filed his second-tier petition for appeal in the Supreme Court of Virginia. On July 25, 2014, the Supreme Court dismissed the appeal for non-compliance with Rule 5:17(c)(1)(iii) as it pertains to assignments of errors Nos. 1 and 3, for failure to address the Court of Appeals ruling in *Torian M. Gaither v. Commonwealth of Virginia*, from which the appeal was sought. (Record No. 140016)
>
> For reasons not fairly chargeable to Gaither, he has been denied his right to file his second-tier appeal in the Supreme Court

> of Virginia. In the interest of justice, therefore, leave should be granted to Petitioner to file a delayed appeal in the Supreme Court of Virginia that complies with Rule 5:17(c)(1)(iii). *See Dodson v. Dir. of Dep't of Corrections*, 233 Va. 303, 355 S.E.2d 573 (1987)
>
> (§ 2254 Pet. 15–16 (emphasis added).)
>
> As an initial matter, the record belies Gaither's claim that he was completely denied his right to appeal to the Supreme Court of Virginia. On June 21, 2013, the Supreme Court of Virginia granted Gaither's motion for delayed appeal. *Gaither v. Commonwealth*, No. 0147–12–1, at 1 (Va. June 21, 2013). While the Supreme Court of Virginia dismissed Gaither's appeal with respect to his first and third assignments of error, it considered and refused his appeal with respect to the second. *Gaither v. Commonwealth*, No. 140016, at 1 (Va. July 25, 2014).
>
> Furthermore, Gaither's conclusory allegations regarding appellate counsel's performance, without any factual support, fail to establish any deficiency of counsel or resulting prejudice. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of a habeas petition appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). Gaither has failed to demonstrate that he would have prevailed on his first and third assignments of error had they been properly presented to the Supreme Court of Virginia. Moreover, Gaither fails to identify any claim that would have had a reasonable probability of success on appeal. Because Gaither has demonstrated neither deficiency of appellate counsel nor resulting prejudice, it is RECOMMENDED that Claim One be DISMISSED.

(Amended Report and Recommendation 8–10 (alterations and omissions in original).)

Gaither claims that the Magistrate Judge "erred as a matter of law" in his conclusion that Gaither fails to demonstrate ineffective assistance of appellate counsel. (Objs. 5.) Gaither argues that "appella[te] counsel's failure to obey a simple court rule that ha[s] such drastic consequence requires a finding that Gaither did receive[] ineffective assistance on his appeal." (*Id.* at 6.) Gaither believes that his "Due Process Rights were violated, and he should be awarded a belated appeal." (*Id.* at 7.) Gaither fails to identify any error in the Amended Report and Recommendation.

First, as the Magistrate Judge explained, Gaither's statements that he was denied an appeal is false. The Supreme Court of Virginia granted him permission to file a belated appeal and counsel raised three issues in that belated appeal. While the Supreme Court of Virginia

7

dismissed Gaither's appeal with respect to his first and third assignments of error,[5] it considered and refused his appeal with respect to the second. (*See* Amended Report and Recommendation at 9 (citation omitted).) To the extent that Gaither continues to fault counsel for failing to "obey a simple court rule" (Objs. 6), as explained by the Magistrate Judge, Gaither has established neither deficiency of appellate counsel nor resulting prejudice because he "failed to demonstrate that he would have prevailed on his first and third assignments of error had they been properly presented" and because he "fail[ed] to identify any claims that would have had a reasonable probability of success on appeal." (Amended Report and Recommendation at 10); *see Bell*, 236 F.3d at 164 (quoting *Smith*, 528 U.S. at 288). Gaither's claim of ineffective assistance of appellate counsel remains deficient for the reasons stated by the Magistrate Judge. Because Gaither's conclusory allegations fail to demonstrate deficiency of appellate counsel and resulting prejudice, his second objection will be OVERRULED.

---

[5] Gaither, through counsel, raised the following assignments of error:

> 1. [The] Court erred in denying the motion to strike on evidence sufficient to find that the Appellant had committed the crimes charged in the Indictments?
> 2. The Court erred in applying the sentencing Guidelines in the Appellant's Pre-Sentence Report [to] improperly reflect a higher range due to conduct that occurred after the indicted conduct but was sentenced first and would have required a written explanation by the Court when deviating from the range?
> 3. Appellant's Due Process rights violated by § 18.2-298.01(F) which does not permit Appellate review of Sentencing Guidelines issues?

Petition for Appeal at 11, *Gaither v. Commonwealth*, No. 140016 (Va. filed Jan. 2, 2014). On July 25, 2014, the Supreme Court of Virginia dismissed Gaither's petition for appeal with respect to the first and third assignments of error because they "fail[ed] to comply with the requirements of Rule 5:17(c)(1)[] as these assignments of error d[id] not address the Court of Appeals['] ruling in *Torian Marquise Gaither v. Commonwealth of Virginia*, Court of Appeals No. 0147-12-1." *Gaither v. Commonwealth*, No. 140016, at 1 (Va. July 25, 2014).

(Amended Report and Recommendation 2–3 (fourth alteration added).)

## IV. CONCLUSION

Gaither's request for relief under Rule 59(e) will be GRANTED. Gaither's Objections (ECF No. 24) will be OVERRULED. The Amended Report and Recommendation (ECF No. 21) that was accepted and adopted on February 10, 2017, is again ACCEPTED and ADOPTED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Gaither fails to meet this standard. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: MAY 0 3 2017
Richmond, Virginia

9